HENRY KAWCHARA v. THE STATE.

No. 16084.   Delivered April 11, 1934.

The opinion states the case.

*J. E. Edmondson* and *P. Z. Sullivan,* both of Bellville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin. for the State.

HAWKINS, JUDGE.—Conviction is for simple assault and battery, punishment being a fine of five dollars.

The assault was alleged to have been made on Frank Gavranovic—hereafter referred to as "G." The assault occurred at a dance in Frydeck, Austin County, on the night of October 16, 1932. G testified that after dancing one number he went out of the house to a soda water stand and that Frank Machala

struck at G, stepped back and then took a soda water bottle out of his pocket and again started towards G, whereupon he hit Machala with a lantern; that G then went to his truck and got the crank out of it; about that time Joe Ciesleweiz—hereafter referred to as "C"—jumped on G.'s back and held his arms down to his side and appellant "grabbed" the crank from G, and when G got loose from C, appellant hit G on the shoulder and then on the head; that the next thing G knew someone was pouring water in his face. Anton Haverland testified that he did not see the beginning of the fight, but saw G running from appellant; that appellant was following with an automobile crank in his hand and hit G twice with the crank, one time on the shoulder and once on the head, the last blow knocking him down; that G had his back to appellant and was runnng away when appellant hit him. G and Haverland were the only State's witnesses. Mrs. Frank Machala testified for appellant substantially as follows: She was the wife of Frank Machala and was at the dance with her husband. She saw G at the dance and he appeared to be drunk. He parked his truck across the entrance to the dance hall and people had to walk around it to get into the hall. After he danced one dance he went outside and started a fight with witness' husband who was a small man, weighing about 140 pounds, while G was a large man weighing about 200 pounds. After G and witness' husband started fighting G went to the truck and got the crank out of it, "then C came up to the back of G and appellant to the front and appellant took the crank away from G." Witness saw G fall and saw people pouring water on him, but did not see who hit him. Witness further testified that everything that appellant did that night was done to keep the peace and prevent trouble between G and witness' husband. Appellant testified as follows: "I was present at the dance on the night of October 16, 1932. I saw Frank G there. He came in his truck and was drunk and talking very loud. I was sitting in my car on the outside. Frank G was fighting with Frank Machala. He went to the truck to get his crank and was cursing and talking loudly. I went over to separate them and I took the crank away from Frank G but did not hit him with it. Everything that I did was to keep down trouble and to keep him from hurting someone. When I took the crank away from G I told him that he must not fight, and he said, 'You God-damned son of a bitch I am going to kill you,' and he started for his truck. Frank and I have always been good friends. My wife and child were there in the car and when he started for his truck, I was afraid that he might hurt them. That all happened

in Austin County, Texas. The case against Frank Machala has been dismissed by the County Attorney. There is still a case against Frank G in this court."

After defining an assault and battery the court told the jury if they found from the evidence beyond a reasonable doubt that appellant committed an assault upon the person of G by striking him on the head with an automobile crank, to find him guilty and assess his punishment by fine of not less than five nor more than twenty-five dollars. No affirmative defensive charge was submitted.

Appellant excepted in writing to the charge given upon many grounds, one being that the court failed to instruct in an affirmative manner regarding the defense relied upon. In no way was the claimed defense pointed out in the written objections, but several special charges were requested upon the subject.

Special charge number one requested by appellant is in almost the precise language employed by the court in paragraph one of the instruction given. There was no necessity for repeating the general definition of an assault and battery.

In special charge number two appellant sought to have the jury told that if G had assaulted M with a car crank and that appellant was attempting to quell the disturbance and keep the peace, and had disarmed G of said crank and hit G, and used no more force than was necessary to end the disturbance, they should acquit. We fail to see the applicability of the charge. It is predicated on the jury finding that G had assaulted M with a car crank. We do not so understand the evidence. He testified that he struck M with a lantern and that when he went to the truck to get the crank he was disarmed by appellant and C.

Requested charge number three would have told the jury that the violence used towards a person would not amount to an assault and battery where the party used such violence to preserve the peace, and used no greater force than to disarm such person, and in so doing struck him, the jury should acquit. We have been unable to find the evidence to support this requested charge. There was no evidence showing that appellant struck G in trying to disarm him, but that after having taken the crank from him appellant struck G with it.

Special charge number four requested that the jury be told if viewed from appellant's standpoint he reasonably believed that G had threatened to kill the appellant and had made a motion to carry said threat into execution and then appellant struck G with a crank, but used no greater force than was necessary to delay or stop G from carrying such threat into execution they

should acquit. In connection with this special charge appellant also requested special charge 4a relating to the same matter. We have likewise been unable to find the applicability of this charge. Appellant nowhere in the testimony given by himself or his witnesses says that he struck G by reason of any threat which he feared G was about to carry into execution. Appellant's whole case rested upon a denial in toto of having hit G at all, and that the only violence used by him was in disarming G of the crank. The prosecution was not based upon the act of disarming G.

We do not take the time to discuss whether the special charges present correct propositions of law. It is our opinion that whether or not they do, the evidence did not raise the issues sought to be submitted thereby.

The judgment is affirmed.

*Affirmed.*